UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATASHA FULLAH WILLIAMS

Plaintiff

CIVIL ACTION NO

V.

RICHARD S. BASILE

RICHARD S. BASILE, P.A.

Defendant

FEBRUARY 1, 2010

COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, sues Defendants, Richard S. Basile, Esq. and Richard S. Basile, P.A. a Maryland Collection Agency and alleges:

I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 D.S.C. §1337.

III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Natasha Fullah Williams ("Ms. Williams"), is *suijuris* and a resident of

Suitland, Maryland.

4. At all times material hereto, Defendants, Richard S. Basile, Esq. and Richard S. Basile, collectively ("Collection Law Firm"), was a Maryland Law Firm and a licensed Collection Agency, doing business in Greenbelt, Maryland.

5. At all times material hereto, Defendant, ("Attorney Basile"), was *sui juris* and a resident of Maryland.

6. Defendants are or were engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

7. All acts and omissions of Attorney Basile were within the scope of his employment by the Collection Law Firm or were otherwise authorized by the Collection Law Firm.

## IV. FACTUAL ALLEGATIONS

8. For an extended period of time, Defendants acted as collection attorneys for Capitol Remodeling in the State of Maryland in addition to other day to day collections.

9. In the course of its representation of Capitol Remodeling Defendants regularly collected or attempted to collect monies from Maryland consumers for uninstalled windows that Capitol Remodeling secured signed contracts from Maryland Consumers to do home improvements on their personal homes.

10. On or about August 14, 2009, Defendants filed and sent or caused to be sent to Ms. Williams a State Court complaint filed in the District Court of Maryland for PG County Docket no 05020030553-2009 on behalf of Capitol Remodeling, for the purpose of collecting monies for Capitol Remodeling. The FDCPA does not consider this lawsuit the ("Initial Collection Communication"). The FDCPA excludes this initial communication.

11. Plaintiff called the law office of Richard Basile on or about January 12, 20010 and attempted to dispute the debt.

12. Plaintiff spoke with numerous collection agents and including a collection agent who identified himself as Mr. Gray the Director, who attempted to collect the debt from Ms. Williams.

13. The communication on January 12, 2010 was the initial communication as defined by the FDCPA.

14. Through the Initial Collection Communication, Defendants failed to provide a a proper disclosure of the rights of consumers such as Ms. Williams to obtain debt validation under the FDCPA ("Validation Disclosure").

15. Through the Initial Collection Communication, Defendants demanded payment from Ms. Williams

16. By information and belief, for an extended period of time prior to the filing of the instant action, Defendants have maintained a practice and pattern of transmitting or causing to be transmitted collection law suits and upon the initial communication of the consumer inquiring about the law suit failed to provide the Validation disclosure in the form of the Initial Collection Communication to consumers such as Ms. Williams.

## V. DEFENDANTS' PRACTICES

17. It is or was the policy and practice of Defendants to send a Maryland District Court law suit in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

## VI. ALLEGATIONS OF LAW

### A. General

18    At all times material hereto, Mr. Williams was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

19    At all times material hereto, Capital Remodeling, Inc. represented by Defendants were "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

20    At all times material hereto, the home improvement contract signed by the Plaintiff to Capital Remodeling Inc. represented by Defendants was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

### B. Validation Violation

21.    15 U.S.C. § 1692g(a) provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. As more particularly described below, through the Initial Collection Communication and to this date, Defendants violated the FDCPA by failing to inform the Plaintiff as to the consumer's rights for debt verification in a manner which was reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 US.C. §1692g.

### 1. *Failure to Disclose Right to Dispute Part of Debt*

23. As detailed above, 15 U.S.C. §1692g(3) and (4) allow a consumer to dispute debt and "any portion thereof."

24. Despite the clear statutory language of the FDCPA, Defendants do not disclose that Ms. Williams has the right to dispute a portion of the claimed debt.

25. With respect to the attempt by Defendants to collect the in home solicited home improvement contract without notice of dispute rights as more particularly described above, the conduct of Defendants violated the FDCPA, including but not limited to:

   a. the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, and

   b. the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

26. As a result of Defendants' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

27. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, an individual, requests judgment be entered in his favor against Defendants for:

A. Declaratory judgment that Defendants' collection practices violates the Fair Debt Collection Practices Act;

B. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

C. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

D. Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

BERNARD T. KENNEDY, ESQUIRE
BY _____
Federal Bar No.:Md26843
The Kennedy Law Firm
Maryland Consumer Law Group
P.O. Box 657
Edgewater, Maryland 21037
(443) 607-8901 Telephone
(443) 607-8903 Telecopier
bemardtkennedy@yahoo.com
Counsel for Plaintiff